A CERTIFIED TRUE COPY
ATTEST
By Jakeia Mells on Jun 23, 2009
FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jun 23, 2009

FILED
CLERK'S OFFICE

IN RE: ORAL SODIUM PHOSPHATE
SOLUTION-BASED PRODUCTS
LIABILITY LITIGATION                                                                                 MDL No. 2066

## TRANSFER ORDER

**Before the entire Panel**[*]: Common defendant C.B. Fleet (Fleet) moves, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of the 38 actions listed on Schedule A in the Northern District of Ohio. The defendant's motion encompasses thirteen actions in the District of Arizona; four actions in the Northern District of Georgia; three actions each in the Central District of California, District of Colorado, and Middle District of Florida; two actions in the District of Minnesota; and one action each in the Northern District of Florida, Southern District of Florida, Middle District of Georgia, Eastern District of Michigan, District of New Jersey, Western District of North Carolina, Northern District of Ohio, Southern District of Ohio, District of Oregon, and Northern District of Texas.[1]

Plaintiffs in one Northern District of Georgia action and the Western District of North Carolina action support the motion. Plaintiff in the Northern District of Alabama related action supports centralization but suggests the Southern District of West Virginia or Northern District of Alabama as the transferee district. Plaintiffs in all but one of the remaining actions oppose the motion.[2] If the Panel orders centralization over their objections, these plaintiffs would support centralization in the Southern District of West Virginia or the District of Colorado. Most of these plaintiffs would also support centralization in the Central District of California, District of Minnesota or Eastern District of Michigan, in the alternative.

---

[*] Judge Heyburn and Judge Motz took no part in the decision of this matter.

[1] The parties have notified the Panel of four related actions pending in the Northern District of Georgia and three related actions pending, respectively, in the Northern District of Alabama, Central District of California, and District of Maine. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] Plaintiffs in one District of Minnesota action (*Haley*) did not respond.

If the Panel orders centralization over their objections, plaintiffs in the Northern District of Florida action, Southern District of Florida action, Middle District of Georgia action, and two Middle District of Florida actions (*Hancock* and *Burnside*) ask the Panel to exclude their respective actions.

On the basis of the papers filed and hearing session held, we find that these 38 actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions relating to oral sodium phosphate solution-based (OSPS) products manufactured and sold by Fleet. Plaintiffs in all actions challenge the safety of those products and allege personal injuries stemming from their use of those products. In particular, plaintiffs allege that high doses of OSPS products could lead to acute phosphate nephropathy, a type of kidney injury, and that Fleet knew of the risks associated with high doses of OSPS but downplayed or obscured those risks. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Certain plaintiffs argue that their actions are too far advanced to warrant inclusion in the centralized proceedings. For the following reasons, we respectfully disagree with this argument. Distinctions among the actions may be such that certain actions or claims therein can be ready for remand in advance of other claims or actions, after further refinement of the issues and close scrutiny by the transferee judge. But we are unwilling, on the basis of the record before us, to make a determination that any claims warrant exclusion from Section 1407 proceedings from the outset. Whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. In the meantime, transfer under Section 1407 will offer the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to consider all parties' legitimate discovery needs while ensuring that common parties and witnesses are not subjected to discovery demands that duplicate activity that will occur or has already occurred in other actions.

Given the geographic dispersal of the pending actions, an array of suitable transferee districts presents itself. We are persuaded that the Northern District of Ohio is an appropriate forum for this docket. Centralization in this district, where an action is already pending, permits the Panel to effect the Section 1407 assignment to an experienced transferee judge who is not currently presiding over another multidistrict litigation docket and who has a caseload favorable to accepting this assignment.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Ohio are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Ann Aldrich for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

- 3 -

PANEL ON MULTIDISTRICT LITIGATION

_____
Robert L. Miller, Jr.
Acting Chairman

| | |
|---|---|
| John G. Heyburn II, Chairman[*] | J. Frederick Motz[*] |
| Kathryn H. Vratil | David R. Hansen |
| W. Royal Furgeson, Jr. | Frank C. Damrell, Jr. |

**IN RE: ORAL SODIUM PHOSPHATE
SOLUTION-BASED PRODUCTS
LIABILITY LITIGATION**                                                                        MDL No. 2066

**SCHEDULE A**

<u>District of Arizona</u>

Joyce M. White, et al. v. C.B. Fleet Holding Co., Inc., et al., C.A. No. 2:07-1682
Robert L. Lindsay, et al. v. C.B. Fleet Holding Co., Inc., et al., C.A. No. 2:07-1688
William A. White, et al. v. C.B. Fleet Holding Co., Inc., C.A. No. 2:09-447
Peggy A. Kenny, et al. v. C.B. Fleet Holding Co., Inc., C.A. No. 2:09-449
Linda Chapman, et al. v. C.B. Fleet Holding Co., Inc., C.A. No. 2:09-450
Nancy L. Tok, et al. v. C.B. Fleet Holding Co., Inc., C.A. No. 2:09-462
Kenneth Gump v. C.B. Fleet Holding Co., Inc., et al., C.A. No. 3:07-8092
Elizabeth Wrisk v. C.B. Fleet Co., Inc., et al., C.A. No. 3:07-8096
Joseph A. Van Brocklin, et al. v. C.B. Fleet Holding Co., Inc., C.A. No. 3:09-8036
Barbara M. Williams v. C.B. Fleet Co., Inc., C.A. No. 4:09-125
Linda S. Anderson, et al. v. C.B. Fleet Co., Inc., C.A. No. 4:09-127
Patricia A. Barr, et al. v. C.B. Fleet Co., Inc., C.A. No. 4:09-128
Marion Zimmer, et al. v. C.B. Fleet Co., Inc., C.A. No. 4:09-129

<u>Central District of California</u>

Marion Litzer, et al. v. C.B. Fleet Co., Inc., C.A. No. 2:09-1356
Don Cecil, et al. v. C.B. Fleet Co., Inc., C.A. No. 5:09-657
Carol Biehl, et al. v. C.B. Fleet Co., Inc., C.A. No. 8:09-260

<u>District of Colorado</u>

Beverly Lois Cummins v. C.B. Fleet Holding Co., Inc., et al., C.A. No. 1:08-2810
Julie L. Vogel, et al. v. C.B. Fleet Holding Co., Inc., et al., C.A. No. 1:09-31
Patricia Rothenbucher, et al. v. C.B. Fleet Co., Inc., et al., C.A. No. 1:09-804

<u>Middle District of Florida</u>

Kathleen Stiles, et al. v. C.B. Fleet Co., Inc., et al., C.A. No. 3:09-283
Sara Hancock, et al. v. C.B. Fleet Co., Inc., et al., C.A. No. 6:09-320
Eugene M. Burnside v. C.B. Fleet Co., Inc., et al., C.A. No. 8:09-519

<u>Northern District of Florida</u>

Lillian E. Lewis, et al. v. C.B. Fleet Co., Inc., et al., C.A. No. 5:09-49

- A2 -

<u>Southern District of Florida</u>

Carol Herchak v. C.B. Fleet Co., Inc., et al., C.A. No. 9:09-80485

<u>Middle District of Georgia</u>

Mary L. Smith, et al. v. C.B. Fleet Co., Inc., et al., C.A. No. 7:09-24

<u>Northern District of Georgia</u>

Michael L. Bell, et al. v. C.B. Fleet Holding Co., Inc., et al., C.A. No. 1:07-84
Jean D. Allen, et al. v. C.B. Fleet Holding Co., Inc., et al., C.A. No. 1:08-1900
Geraldine Sawyer v. C.B. Fleet Co., Inc., C.A. No. 1:08-2512
Wendell W. Hickox v. C.B. Fleet Holding Co., Inc., et al., C.A. No. 1:08-3747

<u>Eastern District of Michigan</u>

Aurel Moga, et al. v. C.B. Fleet Co., Inc., C.A. No. 2:08-14884

<u>District of Minnesota</u>

June M. Osborne, et al. v. C.B. Fleet Holding Co., Inc., et al., C.A. No. 0:07-3687
Roger A. Haley v. C.B. Fleet Co., Inc., C.A. No. 0:07-4011

<u>District of New Jersey</u>

Mary Baltish, et al. v. C.B. Fleet Holding Co., Inc., et al., C.A. No. 1:09-685

<u>Western District of North Carolina</u>

William R. Smith, et al. v. C.B. Fleet Co., Inc., et al., C.A. No. 1:09-10

<u>Northern District of Ohio</u>

Elaine C. Shaffer, et al. v. C.B. Fleet Co., Inc., C.A. No. 1:08-1848

<u>Southern District of Ohio</u>

Gayle L. Constable, et al. v. C.B. Fleet Co., Inc., et al., C.A. No. 1:08-712

<u>District of Oregon</u>

Susan Day v. C.B. Fleet Co., Inc., et al., C.A. No. 6:08-1171

- A3 -

<u>Northern District of Texas</u>

Ira Jason Lucks, et al. v. C.B. Fleet Co., Inc., C.A. No. 3:09-136