**OInitial Case Mgmt Sched Order.wpd**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ORAL SODIUM PHOSPHATE SOLUTION-BASED PRODUCTS LIABILITY ACTION : : : | Case No. 1:09-SP-80000 (MDL Docket No. 2066) |
| THIS DOCUMENT RELATES TO ALL ACTIONS : : : | JUDGE ALDRICH |
| : | **PRETRIAL ORDER NO. 1** |

**I.   INITIAL CASE CONFERENCE; APPOINTMENT OF INTERIM LIAISON COUNSEL.**

This matter is scheduled for an Initial Case Management Conference ("CMC") on Thursday, August 20, 2009 at 1:30 p.m. At that time, the Court will, among other things, appoint lead and liaison counsel for plaintiffs and defendants.[1]

---

[1] As the parties are likely aware, the *Manual for Complex Litigation* contemplates two different roles for counsel in the organizational structure of an MDL. Lead Counsel is "[c]harged with formulating (in consultation with other counsel) and presenting positions on substantive and procedural issues during the litigation." *Manual for Complex Litigation* §10.221 at 25 (Federal Judicial Center 4th ed. 2004). Liaison Counsel is "charged with essentially administrative matters, such as communications between the court and other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group), convening meetings of counsel, advising parties of developments in the case, and otherwise assisting in the coordination of activities and positions." *Id.* at 24.

Pending that time, the Court hereby appoints *interim* liaison counsel, as follows:[2]

| Plaintiff's Liaison Counsel | Defendants' Liaison Counsel |
|---|---|
| John R. Climaco<br>    (jrclim@climacolaw.com)<br>Dawn M. Chmielewski<br>    (dxchmi@climacolaw.com)<br>Climaco, Lefkowitz, Peca, Wilcox<br>    & Garofoli Co., LPA<br>55 Public Square Suite 1950<br>Cleveland, Ohio 44113<br>216-621-8484 (ph)<br>216-771-1632 (fax) | Michael L. Snyder<br>    (msnyder@mcdonaldhopkins.com)<br>Dan L. Makee<br>    (dmakee@mcdonaldhopkins.com)<br>Beth I. Gillin<br>    (bgillin@mcdonaldhopkins.com )<br>McDonald Hopkins, LLC<br>600 East Superior Ave, Suite 2100<br>Cleveland , OH 44114<br>216-348-5400 (ph)<br>216-348-5474 (fax) |

Attendance at this CMC will not waive objections to jurisdiction, venue, or service. Counsel who cannot attend the CMC in person may participate by telephone conference call, as follows:

**Dial-in Number:**          **1.888.346.3950**
**Participant Entry Code:**  **996346-#**

Counsel who participate via conference call **MUST** mute their telephone at all times, unless they are addressing the Court. Participants may press *6 to mute/un-mute their own line.

---

[2] Liaison counsel shall be authorized to receive orders and notices from the Court on behalf of all parties within their liaison group, and shall be responsible for the preparation and transmittal of copies of orders and notices to the parties in their liaison group. Liaison counsel shall maintain complete files, with copies of all documents served upon them, and shall make those files available to parties within their liaison group. Liaison counsel are also authorized to receive orders and notices from the Judicial Panel on Multidistrict Litigation, pursuant to Rule 8(e) of the Panel's Rules of Procedure, on behalf of all parties within their liaison group, and shall be responsible for the preparation and transmittal of copies of orders and notices to the parties in their liaison group.

Interim liaison counsel shall meet and confer in advance of the CMC and shall, at least seven calendar days prior to the CMC, submit a joint proposed agenda for review by the Court. In addition to any other issues raised by counsel, the agenda shall include the following items and submissions.

- **Organizational Structure.** Plaintiffs and defendants shall each submit a proposed organizational structure governing each group of parties whose interests are similarly aligned, which shall include proposed permanent lead counsel, permanent liaison counsel, and federal-state liaison counsel if appropriate. These organizational structures are subject to approval of the Court, and the Court may change any and every portion of the proposed organizational structures. Absent a unanimous recommended organizational structure, the Court will review applications for lead counsel, liaison counsel, executive and steering committee membership, and so on, which must be filed at least seven calendar days prior to the CMC.

- **Briefs Regarding Current Status.** At least seven calendar days prior to the CMC, plaintiffs and defendants shall each submit a brief (25 pages or less) outlining their view of: (a) the primary facts, allegations, claims, and defenses involved in the litigation, together with any other pertinent legal and factual background; (b) an overview of the procedural status of all potential and actual MDL cases, including: (1) the status of discovery to date, and (2) the status of motions, decisions, and other important events in the litigation, if any; (c) the status of any related state-court litigation; and (d) a prediction of the number of cases that may become a part of this MDL and the number of related cases that will remain in state courts. These briefs will not be binding, will not waive any claims or defenses, and may not be offered in evidence against a party in later proceedings. The parties shall be limited to one submission each for all plaintiffs and all defendants.

- **Submission of a Science Tutorial.** The Court would like to hear from the parties their views on

whether it would be helpful for the Court to receive from each side tutorials on the scientific and technical issues involved in this case; and if so, the appropriate format.

- **Submission of Contact List.** The parties shall present to the Court at the CMC a list of all counsel of record, together with their contact information (addresses, work and cel telephone numbers, fax numbers, and e-mail addresses). These submissions should be in electronic format, such as a Word or WordPerfect document on disk.

- **Case Management Order**. The Court will hear suggestions on the content and timing for submission of a proposed Case Management Order ("CMO"). In addition to the normal array of deadlines and other issues, the Court suggests any proposed CMO should address the following: (a) establishment of a document repository, and agreement on a document production format that is search-capable;[3] (b) stipulations regarding service of process; (c) coordination with state court litigation; (d) whether a master complaint should be filed, and how to deal with class action litigation, if expected; (e) employment of medical releases and fact sheets; (f) use of a tolling agreement, if appropriate; (g) use of a preservation order, if appropriate; and (h) trial dates. The Court will discuss these matters with the parties at the CMC. The parties may submit proposed draft CMOs.

- **Protective Order.** The Court will hear suggestions on the content and timing of a proposed Protective Order.

- **Special Master**. The Court believes that immediate appointment of a Special Master pursuant to Fed. R. Civ. P. 53(a)(1)(A&C) may be appropriate.

---

[3] *See, e.g., In re: Heparin Prods. Liab. Litig.*, MDL No. 1953, case no. 08-HC-60000 Pretrial Order Number 8 at ¶¶6(a-l) (N.D. Ohio Sept. 15, 2008) (master docket no. 28) (setting out comprehensive procedures for production of documents and electronically stored information).

**II.     GOVERNING PROVISIONS PENDING ENTRY OF A CASE MANAGEMENT ORDER.**

- Prior to the Court's entry of a comprehensive CMO governing all further pretrial proceedings in this case, the provisions of this Order shall govern the practice and procedure in all actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its Order of June 23, 2009 ("*MDL Transfer Order*"), as amended.[4]  This Order shall also apply to any "tag-along actions" later filed in, removed to, or transferred to this MDL Court.

- The civil actions listed in Exhibit A to the *MDL Transfer Order* are consolidated for pretrial purposes. This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which that party has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

- Counsel shall familiarize themselves with this Court's Local Rules, and with the current edition of the Manual for Complex Litigation, which is hereby adopted by the Court for general guidance. The provisions of this Order supersede any inconsistent provisions of the Court's Local Rules.

- All outstanding discovery proceedings in all MDL cases are stayed, and no further discovery shall be initiated pending entry of the Court's CMO. The time requirements to perform any act or file any papers, pursuant to Rules 26 through 37, Federal Rules of Civil Procedure, are tolled until the Court sets a discovery schedule.

- All parties shall take reasonable steps to preserve documents and other records (including electronic documents) containing information potentially relevant to the subject matter of this

---

[4] *In re Oral Sodium Phosphate Solution-Based Prods. Liab. Litig.*, — F.Supp.2d —, 2009 WL 1838333 (J.P.M.L. June 23, 2009). Shortly after entry of the *MDL Transfer Order*, the MDL Panel amended its Exhibit A to remove four cases. *See* master docket no. 3 (July 6, 2009).

litigation.

- All orders, pleadings, motions, and other documents shall bear the same caption as this Order. If a document is generally applicable to all consolidated actions, the caption shall include the notation that it relates to "ALL CASES," and the Clerk will file and docket the document only in the master record, case no. 09-SP-80000. If a document is intended to apply only to a particular case or cases, then one case shall be specifically captioned (the primary or first case, if applicable), and all cases to which the document applies shall be listed as "Related Cases" in an appendix to the document, separately tabbed and made easily identifiable to the Clerk of the Court.

- All filings shall be done electronically using the Case Management/Electronic Case Files system, in accordance with the Electronic Filing Policies and Procedure Manual for the United States District Court for the Northern District of Ohio.[5] Service through ECF shall be deemed sufficient with no additional service required, with the exception of new Complaints filed and Subpoenas issued, which shall be done in accordance with the Federal Rules of Civil Procedure. Questions about filings in this case may be directed to the MDL clerk, United States District Court:

    Renee Schumitsh
    MDL Coordinator
    Northern District of Ohio
    Clerk of Court's Office
    (216) 357-7017
    Renee_Schumitsh@ohnd.uscourts.gov

Service of all documents not required to be filed with the Court shall be sent electronically to Liaison Counsel for the parties. The Court prefers not to receive printed courtesy copies, unless

---

[5] The Court's "Electronic Filing Policies and Procedures Manual" is available at: www.ohnd.uscourts.gov/Electronic_Filing/electronic_filing.html.
Attorneys submitting a new Attorney ECF Registration Form to this Court should indicate they are counsel of record in MDL No. 2066.

specifically requested.

- Any document filed in any MDL case shall be filed with the Clerk of this Court and not with the transferor district court.

- Any paper filed in any MDL case that is substantially identical to any other paper filed in another MDL case shall be sufficient if it incorporates by reference the paper to which it is substantially identical. Where counsel for more than one party plan to file substantially identical papers, they shall join in the submission of those papers and shall file only one paper on behalf of all so joined.

- Liaison counsel for plaintiffs and defendants shall provide a copy of this Order to attorneys in all cases that are newly filed with or transferred to this MDL Court.

- Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court. Moreover, attorneys admitted to practice and in good standing in any United States District Court are admitted to practice in this litigation pursuant to Rule 1.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. The requirements of Local Rule 83.5(h) regarding admission *pro hac vice* are otherwise waived. Association of local counsel is not required. Counsel appearing in this MDL are expected to familiarize themselves with all prior Court orders and proceedings, as well as the Local Rules of the Northern District of Ohio.

- Unless otherwise ordered by the Court, initial disclosures, discovery depositions, interrogatories, requests for documents, requests for admission, and answers and responses thereto need not be filed with the Court, except that discovery materials used in support of a motion or at trial shall be filed.

- Unless otherwise ordered by the Court, all substantive communications with the Court shall be in writing, with copies to opposing liaison counsel. Liaison counsel shall be responsible for

disseminating information to other counsel as appropriate.

- The Court recognizes that cooperation among counsel and parties is essential for the orderly and expeditious resolution of this litigation. The communication, transmission, or dissemination of information in connection with this case among and between plaintiffs' counsel, or among and between defendants' counsel, shall not, by itself, be deemed a waiver of the attorney-client privilege, the protection afforded by the work-product doctrine, the protection afforded to material prepared for litigation, the joint-prosecution or joint-defense privilege, or any other privilege to which a party may be entitled. Cooperative efforts between the parties and counsel shall not in any way be: (1) used against any of the parties, (2) cited as purported evidence of a conspiracy, wrongful action, or wrongful conduct, or (3) communicated to the jury at the trial of any action. Nothing in this paragraph shall in any way affect the applicability of any privileges or protection against disclosure otherwise available under law.

- All time limits for responsive pleadings are suspended, and all discovery and motion practice is stayed, until after entry of the CMO.

- Hearings shall not be held on any motions filed, except by Order of the Court.

- Any orders, including protective orders, previously entered by this Court or any transferor district court or state court before removal shall remain in full force and effect, unless expressly vacated by subsequent order of this Court.

- Upon remand of any action from this MDL Court to the transferor court, or to state court, the parties may be required to provide to that court copies of any documents previously filed. Similarly, the parties may be required to provide copies of documents to this Court that were filed before the case was transferred into the MDL.

    **IT IS SO ORDERED.**

                                                    /s/ Ann Aldrich
                                                  **ANN ALDRICH**
                                                  **UNITED STATES DISTRICT JUDGE**

**DATED**:
July 16, 2009