UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE: ORAL SODIUM PHOSPHATE SOLUTION-BASED PRODUCTS LIABILITY LITIGATION | Case NO. 1:09-SP-8000 (MDL NO: 09-2066) <br><br> AFFIDAVIT OF PAUL D. RHEINGOLD IN OPPOSITION TO APPOINTMENT OF STEVEN J. FOLEY AS LEAD COUNSEL FOR PLAINTIFFS |
| THIS DOCUMENT RELATES TO: ALL CASES | |

---

STATE OF NEW YORK )
                 ) ss:
COUNTY OF NEW YORK)

    Paul D. Rheingold, being duly sworn, deposes and says:

    1. I am partner in the law firm of Rheingold, Valet, Rheingold, Shkolnik & McCartney, LLP, representing various plaintiffs in this MDL.

    2. I provide this affidavit relation to the request of Steven J. Foley, Esq., to be lead counsel or otherwise be on plaintiffs' steering committee in this MDL. Other submissions by my firm describe the qualifications and experience of members of our firm to serve on the plaintiffs' committee.

    3. My firm objects to Mr. Foley having a position representing plaintiffs in this litigation. The first set of reasons relate to thoroughly objective factors. He has had no experience managing MDLs. Neither he nor his firm have ever

participated before in an MDL, have never served on a PSC or a PEC, much less served as lead counsel in an MDL. This is to be compared with the dozens of MDLs in which our proposed slate of lead, liaison and executive committee members have played major roles, as explained in accompanying papers.

4. It is a matter of record, and significant, that Mr. Foley opposed this MDL when it was proposed by the defendant. This was on the basis that :in my opinion, the creation of an MDL will cause delay in the resolution of the pending cases to the detriment of the plaintiffs" (Affidavit of Steven J. Foley dated April 30, 2009). Our firm on the other hand was the only on to accept the MDL proposal, and I was the only one at the hearing before the JMPL who argued its benefit to wind up a small MDL. At the same hearing, Mr. Foley vigorously opposed sending the cases to the Northern District of Ohio, whereas I endorsed the proposal of the defendant, on the basis that this district had judges and staff familiar with handling MDLs expediently, such as the Sulzer litigation.

5. As for Mr. Foley's argument that he brings an extensive work product to this coordinated litigation, it is a fact of MDLs that they round up all of the work done to date and make it a common work product, saving the costs of repetitive discovery. Surely the defendant will contribute it to the pile of discovery, which will include the discovery our and other firms as well have done.

6. Turning to more subjective bases for our objection to having Mr. Foley serve as representative of all plaintiffs, I first wish to inform this Court of Mr. Foley's relation to AIG, the insurance carrier involved in this litigation. We would ask him to report on this accurately to the Court. From what we have heard, he has served as outside counsel for AIG in some litigation, perhaps involving asbestos litigation in Minneapolis, from what we understand. Whether he has cut his ties entirely to AIG, or might still hold some allegiance to them is of great concern to us.

7. Members of the steering committee in MDLs are in the same position as class counsel. They owe a fiduciary duty to all plaintiffs, and secondarily to all counsel plaintiffs. Someone whose practice has been solely on the defense side is less likely to understand this mandate. This distrust is engendered even more so by a statement by Mr. Foley at the 7/28/09 meeting that this was going to be his firm's only MDL and that once it was finished he was not likely to be involved in another one again, implying that he was going back to his defense practice after he settles his inventory of Fleets cases.

8. This affidavit is provided only as to Steven J. Foley, and not as to the various lawyers and law firms which have in the past aligned themselves with him in these proceedings.

Dated: New York, New York
       August 12, 2009

                                                            Paul D. Rheingold

Sworn to before me this
13rd day of August, 2009.

_____
NOTARY PUBLIC

        Charles Roby
Notary Public, State of New York
       No. 6138939
  Qualified in Kings County
 Commission Expires 12 27 09