## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| IN RE ORAL SODIUM PHOSPHATE | ) | **CASE NO:  1:09-SP-80000,** |
| SOLUTION-BASED PRODUCTS | ) | **(MDL DOCKET NO. 2066)** |
| LIABILITY LITIGATION | ) | |
| | ) | **THE HONORABLE ANN ALDRICH** |
| | ) | |
| | ) | [JOINTLY PROPOSED] |
| | ) | **CASE MANAGEMENT ORDER No. 1** |

## I.     PRETRIAL CONSOLIDATION AND COORDINATION

### A.     Consolidated Cases

1.     By order of the Judicial Panel on Multidistrict Litigation ("MDL Panel"),
a number of individual personal injury cases alleging injury arising out of the use of Oral Sodium
Phosphate Solution ("OSPS") products have been transferred to this MDL Court for consolidated
pre-trial proceedings. In addition, a number of individual personal injury cases that were
originally filed in this District have been made a part of this proceeding.  These cases and any
other cases asserting claims solely on behalf of individual named plaintiffs that are subsequently
transferred to or filed in this MDL Court are referenced below as the "Individual Cases".  A list
of the Individual Cases currently pending in this MDL, to the best knowledge of the Court, is
attached as Exhibit "A".  The Court is advised that, to the best of the parties' knowledge, no
purported class actions asserting claims under Fed. R. Civ. P. Rule 23 for injury from OSPS
products are presently pending in any federal or state court.

2.     This Order is without prejudice to any party's right to argue for or against
consolidation for purposes of trial, or to seek or oppose remand to the transferor district for
purposes of trial, and it shall not make any entity a party to any action in which he/she has not
been named, served, or added as a party in accordance with the Federal Rules of Civil Procedure.

**B.      Applicability of Order**

1.      The terms of this Order shall apply automatically to the actions that are currently a part of this MDL proceeding, and to all other cases that become a part of this proceeding by virtue of being commenced in, removed to, or transferred to this Court (including cases transferred pursuant to (a) Local Rules; (b) 28 U.S.C. § 1404(a), or (c) 28 U.S.C. § 1407). This Order also vacates any prior scheduling order issued by any court prior to transfer of a case to MDL 2066. The local rules of a transferor court will not be binding on the parties to a case once a case has been transferred to MDL 2066, so long as the case remains before this transferee court.

**C.      Dissemination of Order**

1.      Plaintiffs' Liaison Counsel shall, within five (5) days of the date of this Order, serve this Order by electronic means upon all attorneys for plaintiffs in each Individual Case.

2.      Defense Liaison Counsel shall, within 5 days of the date of this Order, serve this Order by electronic means upon counsel for all defendants other than Fleet in each Individual Case.

3.      When an action related to this proceeding is hereinafter filed before this Court or transferred to this Court from another forum, Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel shall promptly send a copy of this Order to plaintiffs' and defendants' counsel, respectively, in that action (to the extent those attorneys of record are not already attorneys of record in an action in this proceeding).

**II.      MASTER DOCKET AND FILE**

**A.**      For the convenience of the parties and the Court, the Clerk of this Court will maintain a master docket with a single docket number and a master record under the style:  "In re

Oral Sodium Phosphate Solution-Based Products Liability Litigation", Master Case No. 1:09-SP-8000, MDL Docket No. 2066. When an order, pleading, or other document is filed and docketed in the master docket, it shall be deemed filed and docketed in each individual case to the extent applicable and will not ordinarily be separately docketed or physically filed in any individual case. However, the caption may also contain a notation indicating whether the document relates to all cases or only to specified cases, as described below.

B.    Captions

All orders, pleading, motions or other documents filed in this proceeding shall bear a caption in the following format:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| | ) | |
| IN RE ORAL SODIUM PHOSPHATE | ) | CASE NO:  1:09-SP-80000, |
| SOLUTION-BASED PRODUCTS | ) | (MDL DOCKET NO. 2066) |
| LIABILITY LITIGATION | ) | |
| | ) | Hon. Ann Aldrich |
| THIS DOCUMENT RELATES TO | ) | |
| [Actions] | ) | |
| | ) | |

C.    Master Filings

If a document that is filed in this proceeding is generally applicable to all coordinated actions, it shall include the notation that it relates to "ALL ACTIONS" and the Clerk will file and docket the document only in the Master Docket. Likewise, if the document that is filed in this proceeding is generally applicable to only a particular case or cases, it shall bear the notation "Specific Actions", and shall list the case number of each Individual Case or Cases to which it applies, and the document shall be filed electronically in each specified case.

D.      **Electronic Filing**

The Court has ordered this matter onto the Electronic Case Filing System. All parties are required to register for ECF participation.  The parties are expected to follow this District's policies and procedures on Electronic Case Filing.

E.      **Form of Submission**

The parties shall not make any ex parte submissions to the Court, but rather shall serve all filings in accordance with this Order. Notices of Motions shall not be filed. The Court prefers that motions and memoranda in support be integrated into a single document.  Any and all letter or other submissions made directly to chambers or to the Special Master shall be submitted only by Plaintiffs' Lead Co-Counsel or Liaison Counsel, or by Defendants' Lead Co-Counsel or Liaison Counsel, or state they have been authorized by those persons.

III.    **ORGANIZATION OF COUNSEL**

A.      By prior Orders, (See Docket Nos. 35 and 38), the Court has appointed Liaison Counsel for Plaintiffs (John R. Climaco), Co-Lead Counsel for Plaintiffs (Hunter S. Shkolnik and Stephen J. Foley), and Plaintiffs' Executive Committee (PEC) and Plaintiffs' Steering Committee (PSC), as well as Liaison Counsel for Fleet (Michael Snyder) and Co-Lead Counsel for Fleet (Earl W. Gunn and Nina M. Gussack), and those prior Orders are incorporated herein as if set forth in full.

B.      **Admissions to Practice**

Each attorney acting as counsel for any party herein who is a member in good standing of the bar of any State or of any United States District Court shall be deemed admitted *pro hac vice* before the Court in these proceedings, without further motion or order. However, the Court reserves the right to revoke admission *pro hac vice* if appropriate.

C.      **Designation of Another Attorney**

Whenever a provision in this Order refers to liaison counsel or lead counsel it also includes their designees.

IV.      **COMPUTATION OF TIME**

All references to "days" in this Order refer to calendar days. If the deadline falls on a weekend or holiday, then the deadline is the next business day.

V.      **STATUS HEARINGS**

The Court intends to hold periodic status hearings at approximately sixty (60) day intervals, at such dates as set by the Court.  Notice will be provided to Lead and Liaison Counsel.

VI.      **COORDINATION WITH STATE COURT PROCEEDINGS AND APPLICABILITY OF PRIOR PROCEEDINGS**

A.      The Court is advised that there are various state court OSPS cases pending which, but for the lack of diversity jurisdiction, would be subject to the MDL Order transferring cases to this District.

1.      The Court finds that the mature stage of this litigation and the desire to preserve the defendant's insurance assets requires that the Court be timely apprised of significant activities in the various State Court actions.  Lead Counsel is required to notify the Court of any activities which would serve to undermine the efficiency and coordination of the MDL proceedings.

2.      This Court and/or Special Master will, as they deem appropriate, directly communicate with the various state courts in which related actions are pending as necessary to aid in the coordination of state court proceedings with this MDL, and may invite these State Courts to align their calendars and participate in arguments or hearings that pertain to substantially similar issues pertinent to the state court proceedings.

3.      In order to achieve the full benefits of this MDL proceeding, the Court intends to actively urge the State Courts presiding over such OSPS cases to enter into informal discovery coordination arrangements that will allow the parties in those cases to utilize the fruits of any discovery developed in this proceeding, and minimize the waste and inconvenience that may result if parallel discovery proceedings occurred unabated in all cases.

4.      In addition, the Court expects that counsel for parties in the MDL proceeding will actively assist in insuring that these goals are achieved.  This Court pledges its full cooperation with any State Court that is interested in informally coordinating discovery activities and urges all counsel in this MDL proceeding to work with counsel in the State Court Cases to facilitate such coordination.

5.      Within ten (10) days of the date of this Order, Liaison Counsel for the parties shall provide the Court with a list of all State Court OSPS Cases of which they are aware, and supplement such list periodically as appropriate.

B.      The Court is advised that OSPS litigation has been ongoing against Fleet since approximately December 2004, and that in the course of those cases certain depositions of Fleet's employees and common issues experts have occurred and Fleet has answered interrogatories, produced documents, and responded to requests to admit.  The Court adopts a rebuttable presumption that all such depositions and discovery responses of any kind shall be useable by the parties in these proceedings as if the deposition or discovery response was taken or served in connection with this MDL.  This Order does not waive nor eliminate any other objections to admissibility which any party may wish to assert as to use of the specific discovery response or a particular question and answer in a deposition.

**C.** The Court further orders that, in general, the plaintiffs herein shall not be permitted to engage in duplicative or repetitive discovery against Fleet with regard to matters covered in prior depositions, interrogatory answers, requests for admissions, and document requests. Nothing in this Order is to be construed as limiting reasonable and appropriate follow-up on topics or questions previously covered in light of new information from subsequent document disclosures or new fact developments, such as the recall of the Fleet OSPS products in December of 2008. The Court admonishes all counsel to meet and confer in good faith in the event of any dispute over the scope of this Order. Unreasonable interpretations of this paragraph by counsel which have the effect of unreasonably delaying or multiplying these proceedings will not be tolerated.

## VII. MASTER PLEADINGS

### A. Master Complaint

Plaintiff's Lead Counsel shall file a master complaint, and a master short form complaint, within thirty (30) days of the date of this Order. The master complaint shall be adopted automatically by any plaintiff who: (1) files a lawsuit in any federal court which is subsequently transferred to this Court, or is directly filed in this Court; or (2) has a case pending in this Court where no answer has yet been filed. The master complaint shall not be adopted by any plaintiff who has a case pending where an answer has already been served, unless the plaintiff files a short form complaint in his individual case adopting the master complaint. Plaintiffs filing new Oral Sodium Phosphate Solution ("OSPS") lawsuits that constitute "tag-along" actions under 28 U.S.C. § 1407, or which are directly filed in this District, shall be deemed to have adopted the short form complaint and incorporate by reference the allegations and claims of the master complaint, unless they file a notice of non-adoption, or an answer has already been filed in the case before removal or transfer to this MDL,

The master complaint shall not constitute the inception of a new "case or controversy" in this District for purposes of determining issues such as statute of limitations defenses, venue, or choice of law. Rather, the master complaint shall be used as a device to facilitate administration of the dockets, reduce the expense to answer each new complaint, and assist in identifying issues common to all cases centralized before this Court.

Proposed amendments to which timely objections are made shall be controlled by Fed. R. Civ. P. 15. To the extent that individual plaintiffs want to assert claims that are not already included in the master complaint, they shall seek leave of court to file proposed amendments pursuant to Fed. R. Civ. P. 15

Cases removed from state court and transferred to this District prior to an answer being served may, but are not required to, adopt the master complaint, in which case the master answer will also apply. If the master complaint is not adopted, or an answer was served prior to removal, then the original complaint and answer shall govern. Amendments shall be permitted pursuant to Fed R. Civ. Pro. 15.

Co-Lead Counsel for the parties shall meet and confer on the form of the master complaint and master answer, and motions to dismiss the master complaint will not be permitted. To the extent that Fleet believes the form of the master complaint contains scandalous, impertinent, offensive or objectionable allegations, Fleet reserves the right to bring the issue to the Special Master for resolution.

### B.     Short Form Complaint

Plaintiffs filing new OSPS lawsuits that constitute "tag-along" actions under 28 U.S.C. § 1407, or are directly filed with the MDL, shall be deemed to have adopted the short form complaint and incorporate by reference the allegations and claims in the master complaint, unless the plaintiff files a notice of non-adoption or an answer was already filed in the case

before removal or transfer to this MDL. Plaintiffs shall have the option to adopt the short form complaint even after an answer was filed by filing a notice of adoption in such cases. The PEC will determine the form of the short form complaint.

C.     **Direct Filings into this District**

The parties stipulate and agree that plaintiffs for whom venue in this District would not otherwise be proper shall be permitted, but are not required, to file their complaint directly in this Court for purposes of these MDL proceedings, and such filing is without prejudice to or waiver of the right to request transfer back for trial to such judicial district where venue would have been proper in the first instance under 28 U.S.C. § 1391(a)(2); except that any such transfer request must be made within seven (7) days of the date a case is designated for trial. Such filing is also without waiver of any defendant's objection to venue in this District, which objections are automatically preserved, and without prejudice to any defendant's right to object to any request to transfer the case back to some other judicial district for trial, if venue in that other district would not have been proper in the first instance under 28 U.S.C. § 1391(a)(2); except that any such objection to venue in this District must be made within seven (7) days of the date a case is designated for trial.

D.     **Service on C.B. Fleet Company, Inc.**

Pepper Hamilton shall accept service of process for all OSPS cases filed in any federal court pursuant to following procedures:

1.     Plaintiff(s) shall send a copy of the newly filed complaint along with a request for waiver of service under Rule 4 of the Fed. R. Civ. P. to **Mary Pat Walsh** at Pepper Hamilton by email and by Certified Mail.

2.       Mary Pat Walsh's contact information is as follows:

Mary Pat Walsh
Senior Paralegal
Pepper Hamilton, LLP
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Phone (215) 981-4332
Email: walshm@pepperlaw.com

3.       Service shall be deemed affected on the day that both a copy of the complaint and request for waiver of service is received by email.  Responsive pleadings shall be due in accordance with the Rule 4 deadlines.

4.       Pepper Hamilton will sign and return the request for waiver of service by email and First Class Mail.

5.       Pepper Hamilton will not accept service for any newly filed complaint that is not filed into federal court or directly into this court's master docket or is not accompanied by a waiver of service.

**E.       Master Answer**

Defendant shall not file a motion to dismiss the master complaint but shall file a master answer and affirmative defenses ("master answer") within thirty (30) days after the master complaint is filed.  The master answer shall constitute the answer and affirmative defenses in each case where the plaintiff has adopted or used either the master complaint or the master short form complaint, and shall automatically amend any answers and affirmative defenses previously filed in those cases.  Proposed amendments to which timely objections are made shall be controlled by the Federal Rules of Civil Procedure.

To the extent that defendant desires to respond to any particular individual complaint for the purpose of motion practice, or for the purpose of pleading any additional affirmative defenses, claims and/or third-party complaints, defendant shall file any such motion

or pleadings within twenty (20) days of transfer of the individual action to the MDL, or for those

actions already pending in the MDL that adopt the master complaint, within twenty (20) days of

the adoption.

## VIII.   DISCOVERY

### A.      Preservation of Evidence

The parties shall take in good faith all reasonable steps, including due diligence,

to preserve written or recorded communications, documents, electronically stored information,

and other tangible objects, including any renal biopsy tissue or other forms of physical evidence,

within their possession, custody or control, which they believe may contain information that is

relevant to the allegations and defenses in this matter or may lead to the discovery of admissible

evidence in these actions.  To the extent such evidence is not within the parties' care, custody,

and control, the parties will take in good faith all reasonable steps, including due diligence, to

request and ensure the preservation of this evidence by other relevant entities.  The terms

"document" and "electronically stored information" shall be defined as they are in Fed. R. Civ.

P. 34.

### B.      Applicability of Rules

Except as otherwise provided in this Order, the Federal Rules of Civil Procedure

and the Local Rules of the Northern District of Ohio shall apply to this proceeding.  However, in

light of the discovery provisions of this Order and the Court's intention to complete all fact

discovery by May 31, 2010, the Court specifically notes that the provisions of this Order obviate:

(a) the obligation of any party to this proceeding to comply with any applicable initial disclosure

requirements of Fed. R. Civ. P. 26(a)(1); and (b) any applicable specifications on timing and

sequencing of discovery set forth in Fed. R. Civ. P. 26 (c & d), except as may be set forth herein.

**C.     Continuing Discovery Obligations.**

All parties in this litigation have a continuing obligation to disclose non-privileged, relevant information, regardless of how obtained, if:

1.     it would tend to undermine the disclosing parties' contentions, or it would support the non-disclosing parties' contentions;

2.     it identifies any person whom, if their potential testimony were known, a party might reasonably want to depose or call as a witness;

3.     it identifies any document or thing which, if its identity or content were known, a party might reasonably have an interest in viewing;

4.     it is likely to have an influence upon or affect the outcome of a claim or defense;

5.     a party might reasonably want to consider it in the preparation, evaluation, or trial of a claim or defense; or

6.     reasonable and competent counsel would consider knowledge of it reasonably necessary to prepare, evaluate, or try a claim or defense.  The parties should construe liberally all of these descriptions.  This provision is not intended to materially modify or expand the obligation to supplement discovery responses pursuant to Fed. R. Civ. P. 26 (e).  In view of the substantial discovery that has already been produced in this litigation, this provision is not intended to impose any further obligations on Fleet to undertake additional collection of documents for evaluation and possible production.

**D.     Special Master**

By prior Order (Docket No. 32), David R. Cohen was appointed Special Master. All discovery disputes shall be submitted to the Special Master in the first instance, but only after the parties have met and conferred in a good faith effort to resolve the dispute. The Special

Master shall notify the parties of the procedures he will implement to hear and resolve discovery

disputes. Any party may appeal the Special Master's rulings pursuant to the Local Rules

governing appeals from orders of Magistrate Judges.

E.     **Document Repository**

The PEC is responsible for establishing its own document repository

("repository"), the costs of which will be borne solely by them.  The PEC is responsible for

assuring that only plaintiffs who have agreed to be bound by the Protective Order to be entered

in this action will have access to the repository.

F.     **Protective Order**

The parties shall submit to the Court a stipulated confidentiality and protective

order pursuant to Local Rule, Appendix L, within 20 days of the date of this Order. It is expected

such order will be substantially identical to the Protective Order entered in the Shaffer v C.B.

Fleet Company, Inc.,  case pending in this District, Case No.1:08-cv-01848-AA.

G.     **Fleet's Initial Discovery Obligations**

Within 20 days of the date of this Order, Lead Counsel for the parties shall

exchange indices of the documents and deposition transcripts of Fleet's employees, agents,

officers, or experts in their possession produced in prior OSPS cases. To the extent Plaintiffs do

not have all documents previously produced by Fleet to other litigants, Fleet shall provide the

plaintiffs' repository with the following:

1.     A complete set of any documents that have been produced in any of the

Fleet cases to date, on CD or hard drive, in PDF format.

2.     A complete set of all deposition transcripts (in E-Trans or other computer

searchable format) of Fleet's current or former employees, consultants and experts who were

deposed in any of the related litigation.  Fleet shall also provide electronic copies of the exhibits to all such depositions.

3.    Any third party discovery that has been obtained by Fleet in any of the related litigation.

4.    A complete set of all written discovery responses served by Fleet in any of the related litigation.

5.    In addition to 1-4 above, Fleet shall also provide, within 20 days of the date of this Order, a full, complete, and current privilege and redaction logs, and shall supplement the same with any further document productions. The logs shall provide sufficient specific facts that support the assertion of the privilege, or justify the redaction.

6.    Within five (5) business days of the Court's entry of the Protective Order, Fleet will supplement its document production by producing to the repository any remaining Fleet documents related to the safety, efficacy or marketing of Phospho-soda products manufactured or sold by Fleet in the United States from the year 2008, which are or have been kept by the custodians identified on the attached Exhibit "A".  These documents will be produced in OCR readable format.  Fleet will provide updated redaction and privilege logs concerning these documents within thirty (30) days of production.  This document production will be without waiver of the right of Plaintiffs to seek additional discovery as addressed in Paragraph X.C.

7.    To the extent not already included in the Fleet document production, Fleet will produce case-specific discovery within a reasonable time, commencing not more than 30 days after first receipt of a completed Plaintiffs Fact Sheet (PFS) by each plaintiff.  Such case-specific discovery shall include, to the extent that it exists, Fleet documentation pertaining to the

specific plaintiff and the specific plaintiff's identified physicians or health care providers, unredacted with regard to plaintiffs' name and personal medical information.  The documents shall be produced directly to the plaintiff's counsel and copied to Plaintiff's Lead Counsel, but not placed in the repository.

**H.     Plaintiffs' Initial Discovery Obligations**

1.     Within 20 days of the date of this Order, the plaintiffs shall provide the repository and Fleet with any third party discovery that has been obtained by plaintiffs in any of the related litigation  and which is not already in the possession of Fleet.  The parties shall exchange indices of such discovery in their possession.

2.     In the interests of postponing some of the burden of providing responses to a full length plaintiff fact sheet, while still providing the parties with sufficient claims-specific information to enable them to proceed with meaningful settlement negotiations, the parties have agreed to the preliminary use of a short form plaintiff fact sheet ("short form PFS").  Within ten (10) days of the date of this Order, the parties shall submit to the Court an agreed short form PFS which shall be the subject of a separate "PFS Order".  Each named plaintiff in any action currently pending in or subsequently made a part of MDL 2066 who has not previously answered interrogatories propounded by Fleet and produced medical authorizations to Fleet shall complete a short form PFS within thirty (30) days of the date of the "PFS Order", or within thirty (30) days of becoming part of this MDL proceeding (either by direct filing in or transfer to the MDL), and provide a copy of this short form PFS to Fleet and to the PEC.  The parties shall meet and confer with respect to what records and documents shall accompany the short form PFS and what additional discovery shall be permitted to obtain case-specific information.  The use of this short form PFS shall not preclude the use of a longer PFS, which shall be separately addressed by the parties with the Special Master.

## IX.     COMPLIANCE

A.     Any plaintiff who fails to provide a short form PFS in compliance with this Order will be subject to having his or her claims, as well as any derivative claim(s), dismissed, pursuant to the following procedure:

1.     *Deficiency Letter.* Within thirty (30) days of receipt of the short form PFS, if Fleet believes the plaintiff has failed to provide a PFS in compliance with this Order, then Defense Liaison Counsel may write a letter to the individual plaintiff's counsel, with a copy to Plaintiffs' Liaison Counsel and Co-Lead Counsel, and identify with particularity the alleged deficiency ("the deficiency letter"). The letter shall state that the plaintiff will have fifteen days (15) from receipt of the letter to cure the alleged deficiency and that absent cure of the alleged deficiency within that time (or within any extension of that time as agreed to by the parties), defendant may move to dismiss plaintiff's claims.

2.     No deficiency letter may be issued more than forty five (45) days after receipt of the completed PFS, absent agreement of the Co-Lead Counsel of the parties or further order of the Special Master for good cause shown.

3.     *Compliance Motion.* If plaintiff's counsel does not provide a PFS that complies with this Order within fifteen (15) days of receipt of the deficiency letter from Fleet, defendant's counsel may file a motion with the Special Master to dismiss plaintiff's claims (a "motion to dismiss"). Defendant shall specifically identify the area of dispute, and fairly state the position of plaintiff as well as Fleet as discussed in the meet and confer process. No further notice to plaintiff's counsel shall be required. Such motions to dismiss shall be considered by the Special Master on the papers, absent unusual or compelling circumstances. The Special Master will rule on motions immediately, and may grant or deny the motion outright, or deny the motion conditioned upon compliance by the plaintiff of specified curative provisions by a

specified date.  If the plaintiff fails to comply with such an order, the plaintiff's claims will be dismissed without further motion.

**X.      Resolution of Discovery Disputes.**

     **A.**     To the extent that determinations have been made by prior courts with respect to any challenges to specific documents on the basis of privilege assertion, partial redaction, and/or confidentiality designation, those determinations shall govern the treatment of the same documents in this proceeding.  If the parties disagree regarding whether or the extent to which such determinations were reached by prior court rulings, or if there is some inconsistency in such rulings, the Special Master shall resolve the disagreement or inconsistency, and he may contact prior courts regarding their discovery rulings, if appropriate.

     **B.**     No motion shall be submitted to the Special Master raising a discovery issue until the parties have met and conferred in an effort to resolve the dispute.  If unable to resolve the dispute, the party raising the issue shall contact the Special Master in writing to advise the Special Master of the existence of the issue, and the Special Master shall direct the parties to participate in an initial conference on the issue or to proceed to submit briefing on the issue.

     **C.**     The parties have advised the Court that they have disputes with respect to the scope of discovery to be provided by Fleet, the withholding of certain documents by Fleet on the basis of privilege and certain redactions made by Fleet in documents produced by it.  Plaintiffs are to provide the Special Master and Fleet with a statement defining all such discovery disputes within sixty (60) days of the date of this Order.  The parties will then propose to the Special Master a schedule for briefing the identified issues.  The Special Master may require additional submissions and/or conferences with the parties.

### D. Discovery Status Conference

On or before December 31, 2009, the Lead Counsel shall provide the Court with a written report on: (1) the status of any discovery disputes that have not been resolved by the Special Master; (2) a proposed schedule for further discovery; and (3) any further recommendation as to how the Court should proceed to expeditiously resolve any pending cases. The PEC may not serve discovery on Fleet or third parties until the Court has conducted its discovery status conference.

## XI. COMMON ISSUES EXPERT WITNESS DISCLOSURES

The parties are directed to meet and confer on an agreed list of "common issues" generally applicable to each case not later than November 15, 2009. Any disputes as to what are proper "common issues" will then be addressed with the Special Master by such procedures as he may direct.

A. By December 15, 2009, the parties shall identify those persons who may be called as experts to testify on such identified common issues, and each side may supplement such list not later than January 15, 2010.  A party shall have until February 15, 2010 to identify any rebuttal expert as to any expert disclosed by the other party after November 15, 2009.  After February 15, 2010, leave of Court shall be required to add any new "common issues" expert for any party.

B. To the extent any "common issues" expert has previously provided a report in prior OSPS cases, that report will be deemed to be produced in this MDL, subject to any parties' right to add to or supplement such reports with new or additional facts or opinions not later than February 1, 2010.  Rebuttal as to any new facts or opinions shall be permitted and all such reports shall be provided by March 15, 2010.

     **C.**     If additional or original depositions of any "common issues" expert are requested by any party, such depositions shall be completed not later than May 15, 2010.

     **D.**     The Court will conduct *Daubert* hearings with respect to "common issues" experts sixty (60) days before trial.  The parties will meet and confer with respect to the briefing schedule for such hearing.

## XII.    CASE SPECIFIC EXPERTs

     In the interests of postponing some of the burden of full discovery while the parties proceed with meaningful settlement negotiations, the parties will defer identification of "case specific" experts in each individual case, as well as a summary or full report of the expert's expected opinions and conclusions for at least 60 days, or until further order of the Court.  This provision is without waiver of Fleet's right to seek case specific expert reports addressing individual causation.

## XIII.   DEPOSITIONS OF PLAINTIFFS

     No depositions of plaintiffs shall occur without further order of the Court or by mutual agreement.

## XIV.   DEPOSITIONS OF FLEET EMPLOYEES OR CONSULTANTS WHO ARE NOT DESIGNATED AS EXPERT WITNESSES

     No depositions of Fleet employees or consultants who are not also designated as expert witnesses shall take place without further order of the Court or by mutual agreement of the parties. Lead Counsel for the parties shall meet and confer on a discovery plan for such depositions, taking into consideration prior depositions. If agreement cannot be reached, the Special Master will address the issue by such procedures as he may direct.

## XV.    TOLLING AGREEMENT

The PEC shall draft, meet and confer with the Defense Liaison Counsel, and submit to the Court a stipulated tolling agreement by November 1, 2009.  Claimants covered under the tolling agreement will have the identical obligations to submit a PFS pursuant to plaintiffs' initial discovery obligations outlined above.

## XVI.   ALTERNATIVE DISPUTE RESOLUTION

In light of the advanced nature of this litigation, the Court finds that early settlement discussions or other alternative dispute resolution mechanisms may materially advance the litigation and reduce the cost and burden on the Court and the parties.  Therefore, the parties are directed to promptly commence meeting and conferring on strategies and ideas as to how to bring this litigation to a resolution.  The Special Master may participate in such discussions and negotiations. The parties shall provide periodic reports to the Court as to progress on "global" resolution of this litigation.

## XVII.  TRIAL

The Court intends for the parties to complete all common issues discovery not later than May 31, 2010, and that individual cases will begin to be ready for trial in this Court and/or in transferor courts not later than October 15, 2010.  Lead counsel for the parties shall meet and confer with respect to the number and criteria for identification of the initial trials, including the possibility of "issues" trials with no specific plaintiffs included, as well as the schedule for case-specific discovery, to the extent applicable.  The Special Master may participate in such discussions and negotiations.  Not later than March 1, 2010, Lead Counsel shall submit to the Court a proposed initial trial identification process and proposed initial trial schedules.

## XVIII. MEDICAL TUTORIAL

Within 45 days of the date of this Order, the parties shall submit 25-page-or-less briefs on the medical issues relating to OSPS ingestion, from each party's perspective.  Peer-reviewed medical articles relied upon may be cited and copies shall be provided to the Court.

## XIX.  EXHIBIT NUMBERING

A.    Plaintiffs shall use Numbers 1 to 5999.  Fleet shall use Numbers 6000 to 9999. To the extent possible, the deposition exhibit numbers previously used in the prior depositions of Fleet employees shall always be identified in these proceedings with the same exhibit number, or a cross-reference to the original deposition exhibit number shall be provided.  As additional exhibits are used in any future deposition of any Fleet employee, once an exhibit is identified and numbered, that number shall be reserved exclusively for that exhibit in all other depositions and for trial.  Numbers 1 to 4999 shall be reserved for "common issues" or general exhibits, including Fleet documents, medical literature, and other documents and things reasonably likely to be relevant to issues not pertaining to a particular plaintiff's use of FPS, medical condition, or other "case specific" material.  Plaintiffs shall use Numbers 5000 to 5999 as the Case Specific Exhibits, including each plaintiff's medical records and other documents and things pertaining to the individual plaintiff(s) in a case.  Fleet shall use Numbers 9000 to 9999 for case specific exhibits,

B.    **Trial Exhibits.**

The Trial Exhibit Number assigned to Fleet documents shall track as much as possible the Exhibit Number used for said document in the depositions of Fleet employees, and all common issues exhibits, once numbered, shall consistently use that same number in subsequent trial exhibit lists.

## IT SO ORDERED.

Dated: _____

_____
ANN ALDRICH
JUDGE OF DISTRICT COURT

#11703012 v1