**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: ORAL SODIUM PHOSPHATE** | : | **Case No. 1:09-SP-80000** |
| **SOLUTION-BASED ("OSPS") PRODUCTS** | : | **(MDL Docket No. 2066)** |
| **LIABILITY ACTION** | : | |
| -------------------------------------------------------- | : | |
| | : | |
| *This Document Relates to* | : | **JUDGE ALDRICH** |
| | : | |
| **ALL ACTIONS** | : | |
| | : | |
| | : | **"PFS" ORDER** |

In section VIII.H.2 of the Court's Case Management Order ("CMO"), the Court noted that, in order to "provid[e] the parties with sufficient claims-specific information to enable them to proceed with meaningful settlement negotiations, the parties have agreed to the preliminary use of a short form plaintiff fact sheet ('short form PFS')."[1] The CMO further noted the Court would discuss the short form PFS in a "PFS Order." This is the PFS Order.

The short form PFS that plaintiffs will use is attached as an exhibit to this Order. The Court directs plaintiffs' liaison counsel to forward this PFS Order and electronic copies of the short form PFS to all attorneys who represent *OSPS* claimants.[2] To the extent possible, this distribution should include not only attorneys who have filed *OSPS* claims on behalf of plaintiffs in this MDL court,

---

[1] *See* master docket entry no. 48 at 15.

[2] The Court has seen various electronic versions of the short form PFS, including a Word document and a "fillable PDF document." Liaison Counsel should forward all those electronic version(s), to make it easiest for counsel to comply. Further, Liaison Counsel should forward a copy of the agreed-upon HIPAA-complaint medical records authorization form, which is also attached as an exhibit to this Order.

but also to attorneys who have: (1) filed *OSPS* claims on behalf of plaintiffs in state courts; and (2) suggested they represent clients with OSPS claims, but have not yet formally filed a complaint in any court.

As stated earlier in the CMO, the Court **ORDERS** as follows: "Each named plaintiff in any action currently pending in or subsequently made a part of MDL 2066 who has not previously answered interrogatories propounded by Fleet and produced medical authorizations to Fleet shall complete a short form PFS within thirty (30) days of the date of this 'PFS Order,' or within thirty (30) days of becoming part of this MDL proceeding (either by direct filing in or transfer to the MDL), and provide a copy of this short form PFS to Fleet and to the PEC."[3]

In addition, the Court also **REQUESTS and DIRECTS** as follows: First, plaintiffs' counsel with cases pending in this MDL shall strive to provide the required short form PFS for each case *as soon as possible*; although the deadline is 30 days from the date of this Order, the Court directs counsel to try and beat this deadline handily, and to produce short form PFSs on a rolling basis.

Second, the Court requests that *all* attorneys who represent *OSPS* claimants voluntarily provide a short form PFS for each such claimant, *even if the claimant is not an MDL plaintiff*. The purpose of collecting these short form PFSs is so that the parties and the Court may assess the entire universe of *OSPS* claimants, with the goal of achieving a global resolution of all such claims, regardless of where (or whether yet) filed. The parties and the Court are making substantial progress in reaching this goal. The voluntary provision of a short form PFS by counsel, even though their

---

[3] *Id.*

claims are not pending in this MDL, will be of great assistance in this effort.

**IT IS SO ORDERED.**

     /s/ *Ann Aldrich*
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated:** November 24, 2009