**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: ORAL SODIUM PHOSPHATE** : | |
| **SOLUTION-BASED PRODUCTS** : | |
| **LIABILITY ACTION** : | **Case No. 1:09-SP-80000** |
| : | **(MDL Docket No. 2066)** |
| : | |
| **THIS DOCUMENT RELATES TO** : | |
| **ALL ACTIONS** : | **JUDGE POLSTER** |
| : | |
| : | <u>**SETTLEMENT ORDER NO. 1**</u> |

      The Honorable Ann Aldrich has referred this matter to the undersigned for a settlement conference. The parties, the Special Master, and the Court are all working diligently to create a global settlement structure and also to gather all information necessary for further negotiation.

      A critical subset of this necessary information is the full nature of *all* of the claims that a global settlement might resolve. The parties have suggested that: (1) Fleet has received notice of about 1,200 potential claims, but (2) Fleet does not know even the most basic information about many (even most) of these potential claims, such as the date of ingestion of Fleet's product, or the illness from which claimant suffers. Without this information, the parties and the Court cannot know or predict the ultimate financial consequences of any proposed terms of settlement. For example, the parties have negotiated in part a draft "Settlement Construct," which is designed to assign settlement values to cases based on the characteristics of the plaintiff and his illness. It is impossible to determine – and, thus, to negotiate – the final values associated with this Settlement Construct without a better understanding of the entire universe of possible claims.

Accordingly, the Court now **ORDERS** as follows:

1. <u>Attorneys with Federal OSPS Cases</u>. If they have not already done so, then, <u>on or before January 18, 2010</u>, every attorney who represents any plaintiff in this MDL shall submit "Claim Information" (as described below) to Fleet and to Plaintiffs' Liaison Counsel in connection with every "Client" (as described below).[1]

"Client" means all individuals (i) as to which representation agreements have been reached with any lawyer and/or law firm that has at least one case pending in MDL 2066, or pending before the Judicial Panel on Multidistrict Litigation ("JPML") by having been included in a tag-along notice sent to the JPML, and (ii) who have filed or unfiled claims against Fleet arising out of or related to the use of a Fleet OSPS product, regardless of whether the individual has a case or claim pending in the MDL, other federal court, state court, or has not yet filed any claim.

"Claim Information" means: (1) a short form Preliminary Fact Sheet ("PFS") and associated documents[2]; OR (2) a Fleet Phospho-Soda Litigation Summary Information Sheet ("LSIS") and associated documents[3]; OR (3) the client's medical records related to the alleged OSPS injury[4]; OR (4) written notice that it appears the client would not receive any compensation under the current version of the parties' draft Settlement Construct; OR (5) written notice that the client does not

---

[1] Claim Information should be submitted to Fleet c/o Mary Pat Walsh, Senior Paralegal, Pepper Hamilton, LLP, Eighteenth and Arch Streets, Philadelphia, PA 19103-2799, 215-981-4332, walshm@pepperlaw.com; and to Plaintiffs' Liaison Counsel c/o Gwen Hennessey, 55 Public Square Suite 1950, Cleveland, Ohio 44113, 877-621-1228, gmhenn@climacolaw.com.

[2] The PFS is discussed in and attached to Judge Aldrich's "*PFS Order*" (docket no. 49).

[3] A copy of the "Fleet Phospho-Soda Litigation Summary Information Sheet" may be obtained from Plaintiffs' Liaison Counsel.

[4] The PFS or LSIS are strongly preferred to only the client's medical records.

intend to pursue an OSPS claim against Fleet.

The failure to comply with this provision may lead to the dismissal with prejudice of claims pending in this MDL, and/or the reduction of any settlement benefits payable to the client (up to and including exclusion from any final global settlement agreement).  Submission of Claim Information does NOT bind any client or attorney to participate in any final Settlement Agreement.

2. <u>Attorneys with no Federal OSPS Cases</u>.  If they have not already done so, then, <u>on or before January 18, 2010</u>, every attorney who represents any person with an OSPS claim against Fleet – regardless of whether the attorney represents a plaintiff in this MDL – shall submit "Claim Information" (as described above) to Fleet and to Plaintiff's Liaison Counsel in connection with every "Client" (as described above).

The failure to comply with this provision may lead to the reduction of any settlement benefits payable to the client (up to and including exclusion from any final global settlement agreement). Submission of Claim Information does NOT bind any client or attorney to participate in the Settlement Agreement.

3. As soon as possible, and on a rolling basis, Fleet and the Plaintiffs' Executive Committee shall use all of the Claim Information they receive to assign each claim a value under the draft Settlement Construct.  Fleet and the PEC shall share this valuation information in particularized fashion, which shall not work any waiver of privilege under the work-product doctrine.  The Court expects the parties to present this valuation information to all parties attending the Settlement Conference.

4. Plaintiff and Defense Liaison Counsel shall make every reasonable effort to distribute copies of this Order to every attorney who has made an OSPS claim against Fleet.

**IT IS SO ORDERED.**

/s/ Dan Aaron Polster<br>**DAN AARON POLSTER**<br>**UNITED STATES DISTRICT JUDGE**

**DATED**: January 7, 2010

09sp80000aaf-ord(JPolster-Settlement-1).wpd