09sp80000aah-ord(JPolster-Settlement-3).wpd

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ORAL SODIUM PHOSPHATE SOLUTION-BASED PRODUCTS LIABILITY ACTION : : : : : : : : : : | Case No. 1:09-SP-80000 (MDL Docket No. 2066) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | JUDGE POLSTER |
| | **SETTLEMENT ORDER NO. 3** |

The undersigned has been informed that: (1) the Plaintiffs Executive Committee ("PEC") and defendant Fleet have reached agreement in principle upon certain settlement terms; (2) full and final settlement cannot be reached absent agreement from other parties, including insurance carriers and individual claimants and claimants' attorneys; and (3) negotiations with these insurance carriers and individual claimants and claimants' attorneys are ongoing. In order to facilitate these ongoing negotiations, the Court intends to engage in a series of meetings, as it deems necessary, with insurance carriers, claimants and claimants' attorneys, the PEC, and Fleet.

**The first such meeting will occur in my chambers on May 3, 2010, beginning at 8:30am EST.** The Court will at that time meet with the following parties, who are ordered to be present: (1) the PEC;[1] (2) Fleet executives and coverage counsel, with full settlement authority: (3) Chartis

---

[1] This includes all members of the PEC, and also any other plaintiffs' attorneys or consultants whom the PEC authorizes. The Court specifically invites Bernard Daskal and Mark Tate.

Insurance Company executives, with full settement authority;[2] (4) all counsel of record in the *Marvin* case, pending in Florida state court, with full settlement authority;[3] and (5) plaintiff(s) in the *Marvin* case (who need not attend in person but must be immediately available by telephone).

Finally, the Court is aware that, given ongoing negotiations between the above-named parties, some or all aspects of this meeting may become unnecessary. The Court will cancel this meeting IF AND ONLY IF there are written, executed documents reflecting agreement between the relevant parties on their respective issues.

**IT IS SO ORDERED.**

/s/ Dan Aaron Polster
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**DATED**: April 22, 2010

---

[2] As was the case with earlier settlement conferences, executive(s) from Chartis must have (i) full settlement authority, up to policy limits **AND** (ii) full business decision-making authority to commit the Insurer to financial settlement resolutions. The Court uses the term "Chartis" to refer collectively to National Union, Chartis, CAT Excess, AIG, Starr Excess, and any other related or affiliated entities who provided relevant insurance to Fleet.

[3] Counsel in the *Marvin* case are also directed to: (1) inform the state court judge presiding over the case that this meeting has been set, by providing him with a copy of this Order; and (2) bring with them contact information for the state court judge. Coverage counsel for the *Marvin* defendants must also attend.