09sp80000aba-ord(ValuationDecisionsUnderSeal).wpd

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: ORAL SODIUM PHOSPHATE** : | |
| **SOLUTION-BASED PRODUCTS** : | |
| **LIABILITY ACTION** : | **Case No. 1:09-SP-80000** |
| : | **(MDL Docket No. 2066)** |
| : | |
| **THIS DOCUMENT RELATES TO** : | |
| **ALL ACTIONS** : | **SPECIAL MASTER COHEN** |
| : | |
| : | **MEMORANDUM AND ORDER** |
| : | |

As the undersigned noted in an earlier Order, "the Master Settlement Agreement and the Court's *Claims Review Protocol Order* provide that, if Fleet or a Claimant disagrees with a claim valuation decision made by the Claims Committee, then either of them may appeal the Committee's valuation decision to the Special Master."[1] The Special Master has so far received two such appeals and filed two valuation decisions, at master docket nos. 247 & 268. Further, "if Fleet or a Claimant disagrees with the Special Master's valuation decision, then either of them may appeal to the Court."[2] One claimant has appealed a Special Master valuation to the Court, at master docket no. 250, and the Court has filed one valuation decision, affirming the Special Master's decision, at master docket no. 258.

A recent review of the Master Settlement Agreement ("MSA") reminds the undersigned that "the Settlement Construct and Settlement Construct Protocol are confidential," and that all parties to the MSA agreed they would not "disclose to any person or entity the monetary terms of the MSA." MSA §4.13(a).

---

[1] Order at 1 (master docket no. 253) (Nov. 9, 2010).

[2] *Id.*

Of course, the Special Master's valuation decisions, the parties' appeal thereof, and the Court's valuation decisions all necessarily discuss the provisions of the Settlement Construct and Protocol, as well as the monetary terms of the MSA.  While the parties to the MSA are entitled to review valuation decisions and any discussion therein of confidential provisions, the public is not, nor are MDL plaintiffs or their attorneys if they did not sign a Participation Agreement.

Accordingly, the undersigned hereby **ORDERS** as follows:

• The clerk of courts will place under seal the documents filed at master docket numbers 247, 250, 258, & 268.

• Going forward, the clerk of courts will: (1) place under seal any valuation decision filed by the Special Master or the Court; and (2) serve a copy of any such valuation decision upon the Claimant, Plaintiff's Liaison Counsel ("PLC" – John Climaco), and Fleet.  PLC may then share valuation decisions only with attorneys who represent a Claimant who signed a Participation Agreement.

• Going forward, if either Fleet or a Claimant appeals a Special Master valuation decision to the Court, the parties will file documents relating to this appeal under seal. Pursuant to Local Rule 5.2, Fleet and the Claimant are authorized to file such materials under seal, without need for a separate motion.  In addition to filing such documents under seal, Fleet and the Claimant will serve such documents upon the opposing party and also the PLC.  PLC may then share such documents only with attorneys who represent a Claimant who signed a Participation Agreement

**IT IS SO ORDERED.**

/s/ David R. Cohen
**DAVID R. COHEN**
**SPECIAL MASTER**

**DATED**: December 2, 2010